```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                   *
ALLSCRIPTSMISYS, LLC               *
                                   *
          Plaintiff                *
                                   *
     vs.                           *   CIVIL ACTION NO. MJG-10-00111
                                   *
AMERICAN DIGITAL NETWORKS, LLC     *
                                   *
          Defendant                *
                                   *
*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND DECISION RE: TEMPORARY RESTRAINING ORDER

The Court has before it Plaintiff's Motion for a Temporary Restraining Order [Document 7], and has held an ex parte hearing. The Court now issues this Memorandum and Order as its statement of reasons in compliance with Rule 65(d) of the Federal Rules of Civil Procedure.

The Court finds, upon a review of the documents submitted with Plaintiff's Motion, that there is justification for the issuance of a Temporary Restraining Order that will serve to expedite the proceedings herein while preserving all rights of the Defendant American Digital Networks, LLC ("ADN" or "Defendant").

Plaintiff claims that it inadvertently paid the sum of $ 673,196.31, payable to American Digital Corporation, to Defendant due to the similarity between the names of American

Digital Corporation and that of ADN.  Plaintiff's counsel represents that Defendant, by its president, Gary Charles Pick, has admitted that it received the funds.  Plaintiff's counsel further represents that Defendant has no claim of right to the funds and has promised to return the funds, but has not done so.  Plaintiff is concerned that absent expeditious judicial action, Defendant may dissipate the funds and/or take action to render it difficult to recover the funds.

To obtain a preliminary injunction or temporary restraining order, a plaintiff must make a clear showing:

> (1)   That it will likely succeed on the merits at trial;
>
> (2)   That it is likely to be irreparably harmed absent preliminary relief;
>
> (3)   That the balance of equities tips in its favor; and
>
> (4)   That an injunction is in the public interest.

<u>Winter v. Natural Resources Defense Council, Inc.</u>, ___ U.S. ___, 129 S.Ct.365, 375-76 (2008); <u>The Real Truth About Obama, Inc. v. Federal Election Commission</u>, 575 F.3d 342 (4th Cir. 2009).

Plaintiff has met the standard for the grant of a temporary restraining order.  There appears to be a likelihood of success on the merits; it is likely that Plaintiff will be irreparably harmed without preliminary relief; the balance of equities tips

in its favor and the public interest favors the restoration of funds to the likely rightful owner. The Court will, therefore, issue a Temporary Restraining Order but will, under the circumstances, limit the Temporary Restraining Order to what appears necessary to expedite the instant proceedings.

Accordingly:

1. The Court issues herewith, a Temporary Restraining Order.

2. Plaintiff shall, as promptly as feasible, provide Defendant and its president, Gary Charles Pick, with such notice of this Order and Temporary Restraining Order as can be effected by telephone, electronic means, mail or delivery services.

SO ORDERED, this <u>Wednesday, January 20, 2010</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge
